[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUPPRESS
 I Background
The defendant, Duane Johnikins (Defendant) on July 17, 2000 has filed a motion to suppress evidence seized from his residence at 1487 Baldwin Street, Waterbury, Connecticut on March 23, 2000 pursuant to a search warrant issued on or about March 21, 2000.
On July 26, 2000, the court heard oral arguments of counsel on behalf of the Defendant and on behalf of the State respectively. There was no evidence presented, and the parties agreed that the facts determinative of the issue is a review within the four corners of the warrant that being whether probable cause that contraband existed at the specific location. The Defendant filed a memorandum in support of his motion and the State of Connecticut timely filed a memorandum in opposition.
 II Issue
The issue before this court is whether the information contained in the affidavit of the search warrant application is sufficient to support the issuing magistrate's finding of probable cause.
The defendant moves to suppress evidence obtained, pursuant to the search warrant, at 1487 Baldwin Street, Waterbury, Connecticut, arguing that there is an insufficient basis to support a finding of probable cause of the existence of contraband at that location.
The defendant claims in the motion to suppress, and supporting CT Page 9803 memorandum, that the affidavit submitted to the court in support of the search warrant is insufficient and cannot support a finding of probable cause under the fourth and fourteenth amendments to the federal constitution, Article I, sections 7 and 8 of the constitution of the State of Connecticut and Connecticut General Statutes § 54-33f. The defendant indicated on July 24, 2000 that the motion to suppress is directed only to the residence of 1487 Baldwin Street, Waterbury, Connecticut.
 III Facts
On March 21, 2000, a seven paragraph affidavit submitted by Waterbury Police officers assigned to Vice and Intelligence was signed by a Judge of the Superior Court. After a review of the affidavit, the court found probable cause existed that a crime had been committed and that evidence of the crime existed on the person of Duane Johnikins, the place of 1487 Baldwin Street Waterbury and a brown Ford Explorer with Connecticut Registration No. 167KRH.
A review of the signed and sworn to affidavit represents the name and experience of the affiants, and a presentation of information gained from a confidential, reliable informant establishing a basis for his reliability. The informant indicated that cocaine is sold by Duane Johnikins from his home at 1487 Baldwin Street, Waterbury, Connecticut and that the Defendant drives a brown Ford Explorer, Connecticut Registration No. 167KRH. The informant identifies Duane Johnikins, through photographs, as the person who sells narcotics from 1487 Baldwin Street. According to the Connecticut Department of Motor Vehicles, the brown Ford Explorer is registered to Letrenette Mercer of 1487 Baldwin Street, Waterbury, Connecticut. Records reveal Duane Johnikins (DOB 1/24/67) has been arrested in the past by the Waterbury Police on narcotics violations.
The affidavit for the search warrant sets forth the details of a controlled purchase conducted within five (5) days of March 21, 2000 of suspected cocaine by the above-mentioned informant from Duane Johnikins under police surveillance. The affidavit describes the controlled purchase under police surveillance. After contact and arrangements were made between the informant and the Defendant, the informant was searched for money and/or narcotics, with a negative result. The informant was given Waterbury Police Department funds for the purpose of the controlled transaction. Surveillance was set at 1487 Baldwin Street. The defendant was observed exiting that residence, entering the Brown 1999 Ford Explorer, CT Registration No. 167RH, and proceeding directly to the CT Page 9804 prearranged location and meeting with the informant. The affiants observed the informant exchanging paper money for a small object with the Defendant. The informant left the location and came directly to the affiants. Surveillance observe the Defendant drive directly back to 1487 Baldwin Street, park the vehicle and enter the residence. The informant identifies the Defendant as the person who sold the cocaine in the controlled purchase.
The substance purchased by the informant from Duane Johnikins in the controlled purchase tested positive for the presence of cocaine. The substance was processed and placed into an evidence holding vault in the Vice and Intelligence Division. The affiants indicate that during the month of March 2000, they have conducted numerous surveillances of 1487 Baldwin Street, Waterbury and have observed the defendant exit the residence, enter the Brown Ford Explorer, drive away, and return a short time later.
The affiants indicate that based upon their training and experience, people who sell drugs keep drugs and sale-related paraphernalia in their home.
Based upon this information, the affiants believe that probable cause existed that Duane Johnikins is committing the crime of possession of narcotics with intent to sell and that evidence of that crime exists on the person of the defendant, 1487 Baldwin Street, Waterbury and the Brown 1991 Ford Explorer, CT Registration No. 167KRH, and request a search warrant for that person, place and vehicle. On March 21, 2000, a Judge of the Superior Court signed and issued the search warrant for the person, place and vehicle presented.
On March 23, 2000, the officers executed said warrant. A search of the residence of 1487 Baldwin Street, Waterbury, Connecticut yielded seizure of substances alleged to be narcotics, $7,716 in U.S. currency, a firearm and ammunition, letters and bank statements addressed to Duane Johnikins and Letrenette Johnikins at 1487 Baldwin Street, Waterbury, Connecticut and other items which are recorded on an inventory list.
The Defendant moves to suppress the fruits of that search at 1487 Baldwin Street, Waterbury.
 IV Discussion
The Defendant argues in its memorandum in support of its motion to suppress that "the seven paragraph affidavit never gives any independent CT Page 9805 evidence or information that would allow a magistrate to find that probable cause exists to search the residence located at 1487 Baldwin Street, Waterbury, Connecticut." It is submitted that "the information received by the police from the confidential informant was unreliable and does not supply the necessary probable cause to issue a search warrant." The Defendant also submits, "none of the police officers' surveillance or unreliable informant information ever infers that the aforementioned residence was being used in furtherance of illegal activity." The Defendant further argues ". . . without showing the Defendant is tied to that residence, there can be no probable cause to search 1487 Baldwin Street, Waterbury, Connecticut . . ."
The State of Connecticut submits "the search warrant is sufficient on its face and that probable cause exists in the four corners of the document and the reasonable inferences the facts in the affidavit permit the magistrate to make."
 Article first, section 7, of the Connecticut constitution provides: "The people shall be secure in their persons, houses, papers and possessions from unreasonable searches or seizures; and no warrant to search any place, or to seize any person or things, shall issue without describing them as nearly as may be, nor without probable cause supported by oath or affirmation."
"This provision, like the fourth amendment to the federal constitution that it closely resembles, safeguards the privacy, the personal security, and the property of the individual against unjustified intrusion by agents of the government." State v. Barton, 219 Conn. 529,540, 594 A.2d 917 (1991).
"Under the fourth amendment to the United States constitution, probable cause to search exists if: (1) there is probable cause to believe that the particular items sought to be seized are connected with criminal activity; and (2) there is probable cause to believe that the items named will be found in the place to be searched." State v. Cobb, 251 Conn. 285,316-317, 743 A.2d 1 (1999) quoting, State v. Vincent, 229 Conn. 164,171, 640 A.2d 94 (1994). "Probable cause, broadly defined, comprises such facts as would reasonably persuade an impartial and reasonable mind not merely to suspect or conjecture, but to believe that criminal activity has occurred . . ." State v. Marsala, 42 Conn. App. 1, 6, 679 A.2d 367, cert. denied, 239 Conn. 912, 682 A.2d 1010 (1996). "Probable cause is a fluid concept turning on the assessment of probabilities in particular factual contexts-not readily, or even usefully, reduced to a neat set of legal rules." State v. Vincent, supra, 229 Conn. 172 quoting, State v.Zarick, 227 Conn. 207, 222-23, 630 A.2d 565, cert. denied, 510 U.S. 1025, CT Page 9806114 S.Ct. 637, 126 L.Ed.2d 595 (1993). To determine whether there exists probable cause to search, the "issuing magistrate assesses all of the information set forth in the warrant affidavit and should make a practical nontechnical decision whether . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." State v. Vincent, supra, 172.
In the case before the court, the affidavit outlined the affiants training and experience, information received from a confidential informant, details of a controlled purchase of cocaine and results of surveillance. The issuing magistrate accessed all the information the affiants set forth in the seven paragraph affidavit and determined probable cause exists that criminal activity has occurred and that items named could be found at 1487 Baldwin Street and issued the search warrant. This "totality of the circumstances" standard, set forth by the United States Supreme Court and followed by the Connecticut Supreme Court, is used to determine whether probable cause exists to conduct a search. See, Illinois v. Gates, 462 U.S. 213, 233, 103 S.Ct. 2317,76 L.Ed.2d 527 (1983); see also, State v. Barton, supra, 219 Conn. 544.
"When a magistrate has determined that the warrant affidavit presents sufficient objective indicia of reliability to justify a search and has issued a warrant, a court reviewing that warrant at a subsequent suppression hearing should defer to the reasonable inferences drawn by the magistrate . . ." State v. Marsala, supra, 42 Conn. App. 6. A trial court is not required to engage in de novo review of an issuing judge's probable cause determination if the validity of the warrant is challenged by the motion to suppress." State v. Diaz, 226 Conn. 514, 529, 628 A.2d 567
(1993); see also, Connecticut General Statutes § 54-33f; ". . . [A] reviewing court must uphold the validity of the warrant . . . if the affidavit at issue presented a substantial factual basis [including the inferences reasonably drawn from the affidavit] for the magistrate's conclusion that probable cause existed." State v. Diaz, supra, 527.
 V The Search of 1487 Baldwin Street
The Defendant argues there was no probable cause to search 1487 Baldwin Street, Waterbury, Connecticut because no information or evidence received from the informant as a result of the police surveillance supplied the probable cause to determine "the residence was being used in furtherance of illegal activity" and there was no showing the defendant is "tied to the residence."
The Defendant relies in part on State v. DeChamplain, 179 Conn. 522, CT Page 9807 532, 427 A.2d 1338 (1980), in which the court held the information contained in that affidavit did not support a finding of probable cause to search the defendant's residence.
The case before the court differs in significant respects. The nexus to the residence in DeChamplain was a single telephone call to the defendant at his apartment in which he received an order to purchase drugs. Statev. Diaz, 27 Conn. App. 427, 431, 607 A.2d 439 (1992) aff'd, 226 Conn. 514,628 A.2d 567 (1993), citing State v. Brown, 14 Conn. App. 605, 619,543 A.2d 750, cert. denied, 208 Conn. 816, 546 A.2d 283 (1988). The Defendant does not reside at a multi-unit apartment complex, but rather at a single family dwelling. The surveillance for the controlled purchase saw the defendant leave 1487 Baldwin Street. The affiants observe the Defendant enter and exit 1487 Baldwin Street on numerous occasions. On the day of the controlled purchase, the Defendant is not observed frequenting another residence, but comes directly to the agreed upon controlled purchase location.
Deferring to all reasonable inferences the issuing judge could have made from the facts contained in the affidavit, this court must determine whether the contents of the affidavit provide a substantial factual basis upon which these reasonable inferences can be made. In making this determination, the trial court must consider the information set forth in the affidavit in the light most favorable to upholding the magistrate's determination of probable cause. State v. Nazario, 38 Conn. App. 588, 595662 A.2d 1313 (1995), see also State v. Duntz, 223 Conn. 207, 216,613 A.2d 224 (1992).
From the allegations set forth in the affidavit for the search warrant, and the reasonable inferences to be drawn therefrom, there was a substantial factual basis on which the issuing judge could conclude that probable cause existed that the items sought under the search warrant would be found at 1487 Baldwin Street, Waterbury, Connecticut.
The affidavit provides information from the informant that Defendant sells cocaine from his home at 1487 Baldwin Street and uses a brown Ford Explorer. On two separate occasions, the informant positively identifies the Defendant from police booking photos, as the person who sells cocaine. A controlled purchase is arranged by police and the informant. Surveillance during a controlled purchase within five days of March 21, 2000 of 1487 Baldwin Street shows Defendant exit that residence, get into the brown Ford Explorer, drive to the pre-arranged location, sell the cocaine, drive directly back to 1487 Baldwin Street and go inside the house. The informant turns over the purchased substance to the surveillance police who have it tested. The substance tests positive for cocaine. The brown Ford Explorer is registered to Letrenette Mercer of CT Page 9808 1487 Baldwin Street. These facts, all contained on the face of the affidavit, establish probable cause that the cocaine that was sold to the informant in the controlled purchased, observed by the police, was first in the residence of 1487 Baldwin Street, as the Defendant came directly from that residence to the informant.
"Actual observances of illegal activity or contraband in the premises to be searched . . . are not required to establish probable cause." Statev. Diaz, supra, 27 Conn. App. 427, 432. "The nexus between the items sought and the place to be searched may be inferred from the type of crime, the nature of the evidence, the extent of an opportunity for concealment and normal inferences as to where a criminal would likely hide the item . . ." (Citations omitted; internal quotation marks omitted.) State v. Vincent, 30 Conn. App. 249, 257, 620 A.2d 152 (1993), aff'd, 229 Conn. 164, 640 A.2d 94 (1994).
 VI Conclusion
The court determines that there exists facts, considering the totality of the circumstances, to establish probable cause that a crime has been committed and that evidence consistent of the crime exists at 1487 Baldwin Street, Waterbury, Connecticut.
Accordingly, the Defendant's motion to suppress is denied.
 ___________________ J. FRANK M. D'ADDABBO, JR.